## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | Case No. 19-12269 (CTG) |
| Reorganized Debtors. | Jointly Administered |
| | |
| RPA ASSET MANAGEMENT SERVICES, LLC, TRUSTEE OF THE MDC LITIGATION TRUST, | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 21-51255 (CTG) |
| MARK SIFFIN, MDC ACQUISITION LLC, MAEFIELD DEVELOPMENT CORPORATION, and MDCE INVESTMENTS LLC, | |
| Defendants. | |

## <u>ANSWER TO FIRST AMENDED COMPLAINT</u>

Defendants Mark Siffin, MDC Acquisition LLC, Maefield Development Corporation, and

MDCE Investments LLC (collectively, "Defendants"), by their undersigned counsel, answer

Plaintiff's First Amended Complaint (the "Amended Complaint") as follows:

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: MTE Holdings, LLC ("<u>MTE Holdings</u>") (7894); MTE Partners, LLC ("<u>MTE Partners</u>") (1158); Olam Energy Resources I LLC ("<u>Olam</u>") (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240. On October 22, 2019, MTE Holdings filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On October 23, 2019, MTE Partners and Olam filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. And on November 8, 2019, the remaining Reorganized Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. The bankruptcy cases were jointly administered under Case No. 19-12269.

## A.    Nature of Case

1.      Defendants admit that Mr. Siffin was the CEO of MDC Energy LLC ("MDC Energy"). Paragraph 1 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 1.

2.      Defendants admit that funds transferred to MDC Acquisition were paid to certain MDC Energy trade creditors.  Defendants otherwise deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 5.

## B.    Parties

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.  Defendant Mark Siffin resides in Florida at the following address: 527 Dilido Dr. E., Miami Beach FL 33139-1235.

8.      Defendants admit that MDC Acquisition LLC is an Indiana LLC with its principal of business at 280 East 96th Street, Indianapolis, Indiana 46240, and that it may be served with process by serving its registered agent, Bob Quinn, at the address listed in Paragraph 8.

9.      Defendants admit that Maefield Development Corporation is an Indiana corporation with its principal place of business at 280 East 96th Street, Indianapolis, Indiana 46240, and that it may served with process by serving its registered agent, Mr. Siffin, at the address listed in Paragraph 9.

10.      Defendants admit that MDCE Investments LLC is an Indiana LLC with its principal place of business at 280 East 96th Street, Indianapolis, Indiana 46240, and that it may served with

process by serving its registered agent, Maefield Development Corporation, at the address listed in Paragraph 10.

11.     Defendants admit that Mr. Siffin was the CEO of MDC Energy, the sole owner and member of MDC Acquisition and MDCE Investments, and an officer and chairman of Maefield. Defendants also admit that Mr. Siffin owns at least 20% interest in Maefield.  Paragraph 11 also contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 11.

### C.     Jurisdiction and Venue

12.     Paragraph 12 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 12.  Pursuant to Local Bankruptcy Rule 7008-1 and Federal Rule of Bankruptcy Procedure 7012(b), Defendants do not consent to entry of final orders or judgments by the Court with respect to any and all non-core bankruptcy claims asserted in the Amended Complaint.

### D.     Factual Background

13.     Defendants admit that MDC Energy was a privately-held exploration and production company formed by Mr. Siffin, which focused on the acquisition and development of oil and natural gas resources in the onshore United States, including within the Permian Basin in Texas.  Defendants otherwise deny the allegations in Paragraph 13.

14.     Defendants admit that MDC Energy is wholly owned by MTE Holdings. Defendants also admit that Mr. Siffin owns a majority interest in MDC Energy and MDC Holdings. Defendants otherwise deny the allegations in Paragraph 14.

15.     The Management Services Agreement ("MSA") referred to in Paragraph 15 speaks for itself and no further response is required. Defendants otherwise deny the allegations in Paragraph 15.

16.    Defendants deny the allegations in Paragraph 16.

17.    The Reserve Based Lending Credit Agreement ("RBL Agreement") referred to in Paragraph 17 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 17.

18.    Defendants admit that MDC borrowed approximately $60 million under the RBL Agreement.  The RBL Agreement and the Pledge and Security Agreement referred to in Paragraph 18 speak for themselves and no further response is required.  Defendants otherwise deny the allegations in Paragraph 18.

19.    The Term Loan Credit Agreement referred to in Paragraph 19 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 19.

20.    The RBL Agreement and Control Agreement referred to in Paragraph 20 speak for themselves and no further response is required.  Defendants otherwise deny the allegations in Paragraph 20.

21.    Defendants admit the factual allegations in the first sentence of Paragraph 21. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22.    Defendants deny the allegations in Paragraph 22.

23.    The Limited Waiver and First Amendment to the MTE Credit Facility referred to in Paragraph 23 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 23.

24.    The unaudited financial statements referred to in Paragraph 24 speak for themselves and no further response is required.  Defendants otherwise deny the allegations in Paragraph 24.

25.     Defendants admit that MTE Holdings had drawn down a total of $410 million under the MTE Credit Facility.  The first sentence of Paragraph 25 contains a legal conclusion to which no further response is required.  Defendants otherwise deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     The audited 2018 financials referred to in Paragraph 28 speak for themselves and no further response is required.  Defendants otherwise deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     The 2019 MDC Transaction Table referred to in Paragraph 33 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 33.

34.     The 2019 MDC Transaction Table referred to in Paragraph 34 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants admit that some funds transferred to MDC Acquisition were used to pay MDC Energy trade creditors.  Defendants otherwise deny the allegations in Paragraph 41.

42.     The email referred to in Paragraph 42 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 42.

43.     The email referred to in Paragraph 43 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     The emails referred to in Paragraph 45 speak for themselves and no further response is required.  Defendants otherwise deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     The email referred to in Paragraph 47 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     The email referred to in Paragraph 49 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 49.

50.     The email referred to in Paragraph 50 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 50.

51.     The email referred to in Paragraph 51 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 51.

52.     The email referred to in Paragraph 52 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.    The emails referred to in Paragraph 57 speak for themselves and no further response is required.  Defendants otherwise deny the allegations in Paragraph 57.

58.    Paragraph 58 contains legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 58.

59.    The Transaction Table referred to in Paragraph 59 speaks for itself and no further response is required.  Defendants otherwise deny the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants admit that Mr. Siffin was MDC Energy's CEO.  The fifth and sixth sentences of Paragraph 61 contain legal conclusions to which no response is required.  Defendants deny the remaining allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65.

## CAUSES OF ACTION

### COUNT I – FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548(a)(1)(A)

66.    Defendants repeat and reincorporate their responses above as if fully set forth herein.

67.    Section 548(a)(1)(A) of the Bankruptcy Code speaks for itself and no further response is required.

68.    Defendants deny the allegations in Paragraph 68.

69.    Paragraph 69 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 69.

70.     Paragraph 70 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 70.

71.     Paragraph 71 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 71.

### COUNT II – FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548(a)(1)(B)

72.     Defendants repeat and reincorporate their responses above as if fully set forth herein.

73.     Section 548(a)(1)(B) of the Bankruptcy Code speaks for itself and no further response is required.

74.     Paragraph 74 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 74.

75.     Paragraph 75 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 75.

76.     Paragraph 76 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations in Paragraph 76.

### COUNT III – PREFERENTIAL TRANSFER UNDER 11 U.S.C. § 547.

### (Pleaded in the alternative)

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Section 547 of the Bankruptcy Code speaks for itself and no further response is required.

80.     Defendants admit that Mr. Siffin was an officer of MDC Energy.  Paragraph 80 contains legal conclusions to which no further response is required, and Defendants otherwise deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no further response is required. Defendants deny the remaining allegations in Paragraph 84.

## COUNT IV – VIOLATIONS OF THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT

85.     Defendants repeat and reincorporate their responses above as if fully set forth herein.

86.     The Texas Uniform Fraudulent Transfer Act ("TUFTA") speaks for itself and no further response is required.

87.     Paragraph 87 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 87.

88.     Paragraph 88 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 89.

90.     Tex. Bus. & Com. Code Ann. § 24.006 referred to in Paragraph 90 speaks for itself and no further response is required.

91.     Paragraph 91 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 91.

92.     Paragraph 92 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 93.

**COUNT V – RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550**

94.     Defendants repeat and reincorporate their responses above as if fully set forth herein.

95.     Paragraph 95 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 96.

97.     Paragraph 97 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 97.

98.     Paragraph 98 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 98.

**COUNT VI – ALTER EGO AND/OR PIERCING THE LIMITED LIABILITY VEIL**

99.     By Order dated August 24, 2022, the Court dismissed Count VI, and therefore no further response is required.

100.    By Order dated August 24, 2022, the Court dismissed Count VI, and therefore no further response is required.  For the avoidance of doubt, Defendants deny the allegations of Paragraph 100.

101.    By Order dated August 24, 2022, the Court dismissed Count VI, and therefore no further response is required.  For the avoidance of doubt, Defendants deny the allegations of Paragraph 100.

102.    By Order dated August 24, 2022, the Court dismissed Count VI, and therefore no further response is required.  For the avoidance of doubt, Defendants deny the allegations of Paragraph 100.

## COUNT VII – BREACH OF FIDUCIARY DUTY

103.    Defendants repeat and reincorporate their responses above as if fully set forth herein.

104.    Defendants admit that Mr. Siffin was the CEO of MDC Energy.  Paragraph 104 contains legal conclusions to which no further response is required.  Defendants otherwise deny the allegations of Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 105.

106.    Paragraph 106 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 106.

## COUNT VIII – UNJUST ENRICHMENT

107.    Defendants repeat and reincorporate their responses above as if fully set forth herein.

108.    Paragraph 108 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 108.

109.    Paragraph 109 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 109.

110.    Paragraph 110 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 110.

111.    Paragraph 111 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 111.

## COUNT IX – CONSPIRACY AND/OR AIDING AND ABETTING FRAUDULENT TRANSFERS AND BREACHES OF FIDUCIARY DUTY

112.    Defendants repeat and reincorporate their responses above as if fully set forth herein.

113.    Paragraph 113 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 113.

114.    Paragraph 114 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 114.

## COUNT X - WASTE

115.    Defendants repeat and reincorporate their responses above as if fully set forth herein.

116.    Paragraph 116 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 116.

117.    Paragraph 117 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 117.

## COUNT XI – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. 502(d) AND (j)

118.    Defendants repeat and reincorporate their responses above as if fully set forth herein.

119.    Paragraph 119 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 120.

121.    Paragraph 121 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no further response is required. Defendants otherwise deny the allegations of Paragraph 123.

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to amend this Answer, to assert additional affirmative defenses or claims, or supplement, alter or change this Answer upon the revelation of additional facts during or upon the completion of further discovery and investigation.

**First Affirmative Defense**

118.    The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

119.    Plaintiff's claims are barred, in whole or in part, by laches, waiver, or other equitable defenses.

**Third Affirmative Defense**

120.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Fourth Affirmative Defense**

121.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or *In Pari Delicto*.

### Fifth Affirmative Defense

122.    Plaintiff's claims are barred, in whole or in part, because consideration received in exchange for the alleged transfers provided reasonably equivalent value as the consideration transferred by the debtor.

### Sixth Affirmative Defense

123.    Plaintiff's claims are barred, in whole or in part, because MDC Acquisition was a mere conduit for the alleged transfers and not the "initial transferee" of those funds under Section 550.

**WHEREFORE**, Defendants respectfully request that the Court:

A.    Enter judgment in Defendants' favor; and

B.    Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of February 2023.

By: /s/ Garvan McDaniel
Garvan F. McDaniel (#4167)
**HOGAN McDANIEL**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
E-mail: gfmcdaniel@dkhogan.com

- and -


By: /s/ Andrew K. Glenn
Andrew K. Glenn (*pro hac vice*)
Shai Schmidt (*pro hac vice*)
Rich Ramirez (*pro hac vice*)
Samantha Bennett (*pro hac vice*)
Naznen Rahman (*pro hac vice*)
**GLENN AGRE BERGMAN & FUENTES
LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 358-5600
E-mail: aglenn@glennagre.com
        sschmidt@glennagre.com
        rramirez@glennagre.com
        sbennett@glennagre.com
        nrahman@glennagre.com

*Counsel to Defendants*